IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BOWA ESTATES LIMITED, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF WAILEA POINT VILLAGE, *et al.*,<br><br>Defendants. | Civil No. 23-00582 MWJS-RT<br><br>ORDER DISMISSING COUNT TWO OF DEFENDANT'S COUNTERCLAIM WITHOUT PREJUDICE |

**ORDER DISMISSING COUNT TWO OF**
**DEFENDANT'S COUNTERCLAIM WITHOUT PREJUDICE**

Before the court is the third and final installment of the parties' summary judgment motions. In the first installment, the court determined the applicable voting standard for an Amendment made to the governing rules, or Declaration, of the Association of Apartment Owners of Wailea Point Village in Maui. In the second, the court declared that the Amendment was valid as recorded. All that is left now is a remedial issue: whether the court should order specific performance of the Amendment's terms, which increased the unit minimum lease period from 30 to 365 days. Because Plaintiffs correctly argue that the specific performance count is unripe, the court treats this aspect of Plaintiffs' motion as a motion to dismiss for lack of jurisdiction, or in the alternative, for summary judgment, and it DISMISSES the

Association's specific performance count without prejudice.  To that extent, Plaintiffs'

motion therefore is GRANTED, and the Association's motion is DENIED.

Although the court has already ruled in the Association's favor on the validity of

the Amendment, Plaintiffs resist specific performance as an appropriate remedy.  The

court has the discretion to grant specific performance of a contract duty as an equitable

remedy "against a party who has committed or is threatening to commit a breach of the

duty."  Restatement (Second) of Contracts § 357 (A.L.I. 1981); *see also Phila. Indem. Ins.*

*Co. v. Ohana Control Sys., Inc.*, 450 F. Supp. 3d 1043, 1051 (D. Haw. 2020) (noting that

specific performance is an equitable "remedy in a breach of contract action").

Generally, specific performance requires "a breach of contract, either by non-

performance or by repudiation."  Restatement (Second) of Contracts § 357 cmt. a.  In

rare cases, the mere threat of breach may be sufficient.  *Id.*

Where neither a breach nor threat of breach has occurred, however, the relief of

specific performance is not yet ripe.  *See Travelers Cas. & Sure. Co. of Am. v. Mallcraft, Inc.*,

No. CV 17-05700, 2018 WL 6258886, *2 (C.D. Cal. Mar. 5, 2018) (concluding specific

performance claim was ripe for review where party to contract failed to perform); *In re*

*Kennedy*, No. 20-bk-15954, 2020 WL 7483143, at *5 (Bankr. C.D. Cal. Sep. 29, 2020) (issue

of specific performance was premature where individual had not yet refused to

perform).  Ripeness is a part of the constitutional limitation on federal courts to

deciding "Cases" and "Controversies."  U.S. Const. art. III, § 2; *see also Bova v. City of*

2

*Medford*, 564 F.3d 1093, 1095-96 (9th Cir. 2009).  A count is not ripe for adjudication if it

"rests upon contingent future events that may not occur as anticipated, or indeed may

not occur at all."  *Texas v. United States*, 523 U.S. 296, 300 (1998) (cleaned up).  Counts

that are unripe must be dismissed as premature under Federal Rule of Civil Procedure

12(b)(1).  Because Plaintiffs' motion contends in part that the Association's specific

performance count is not ripe, *see* Dkt. No. 101 (Pls.' Suppl. Br.), the court treats it as

presenting a factual attack to subject matter jurisdiction.  *See Safe Air for Everyone v.*

*Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (explaining that "[i]n resolving a factual attack

on jurisdiction, the district court may review evidence beyond the complaint without

converting the motion to dismiss into a motion for summary judgment"); *Arch Specialty*

*Ins. Co. v. Beacon Healthcare Servs., Inc.*, No. 22-cv-00305, 2023 WL 2347396, at \*6 (C.D.

Cal. Jan. 18, 2023) (treating defendant's summary judgment motion in part as a motion

to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1)).

Here, the specific performance count is not ripe because the Association has not

shown that Plaintiffs have either breached or have threatened to commit a breach of the

parties' contract.  No party contends that Plaintiffs have—at least at this point—failed to

perform their duties under the Declaration.  That is likely in part because the

Amendment has yet to go into effect; it includes a grandfathering clause, which has

been extended to June 2026.  *See* Dkt. No. 60-11.  And the Association has not produced

evidence that Plaintiffs have repudiated the Declaration as amended, which would

require proof that they "definitely and unconditionally renounce[d] future performance." *Langer v. Rice*, No. 29636, 2013 WL 5788676, at *13 (Haw. App. Oct. 28, 2013) (mem. op.). Instead, the Association's only cited support for specific performance is the fact that Plaintiffs brought this lawsuit. *See* Dkt. No. 100, at PageID.792 (Defs.' Suppl. Br.) ("Defendants have no other evidence in the record to prove anticipatory breach of the Agreement than the pleadings already filed, and the one to be filed in response to this brief."). But the mere filing of a lawsuit seeking to adjudicate a party's rights and advancing a good faith interpretation of a contract does not, under these circumstances, constitute a breach or a threat to commit a breach. The Association has pointed to no language in any statement or brief by Plaintiffs, for example, that threatens to continue to lease units for less than 365 days despite a court ruling against their interpretation of the Declaration.

To be sure, Plaintiffs must heed the court's orders, including its earlier summary judgment orders in the Association's favor. That includes the court's declaratory judgment that the Amendment is valid. *See* Dkt. Nos. 85 & 99. But absent any existing breach or threat of breach, the court need not take its ruling further at this time. The Association bears the burden on summary judgment to show it could prevail on the specific performance count, *see* Fed. R. Civ. P. 56(a), and because it has not shown that the count is ripe for adjudication, it has not met that burden. The Association's counterclaim for specific performance is therefore DISMISSED without prejudice as

unripe.  *See* Fed. R. Civ. P. 12(b)(1).  And to that extent, Plaintiffs' motion—which the

court treats as a motion to dismiss for lack of jurisdiction, or in the alternative, for

summary judgment, *see* Dkt. No. 73—is GRANTED in part, and the Association's

motion is DENIED in part, *see* Dkt. No. 59.

IT IS SO ORDERED.

DATED:  September 2, 2025, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith

Micah W.J. Smith
United States District Judge

---

Civil No. 23-00582 MWJS-RT; *Bowa Estates Limited,* et al. *v. Association of Apartment Owners of Wailea Point Village,* et al.; ORDER DISMISSING COUNT TWO OF DEFENDANT'S COUNTERCLAIM WITHOUT PREJUDICE