IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| BOWA ESTATES LIMITED, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>ASSOCIATION OF APARTMENT OWNERS OF WAILEA POINT VILLAGE, *et al.*,<br><br>Defendants. | Civil No. 23-00582 MWJS-RT<br><br>ORDER DIRECTING ENTRY OF FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE RULE 54(B) |

**ORDER DIRECTING ENTRY OF FINAL JUDGMENT**
**UNDER FEDERAL RULE OF CIVIL PROCEDURE RULE 54(B)**

The crux of this case is the validity of an Amendment made to the governing rules of the Association of Apartment Owners of Wailea Point Village on Maui.  The Amendment increased the minimum lease period for units:  whereas units previously could be leased for as few as 30 days, the Amendment required any leases to be at least 365 days long.  Unit owners who voted against the Amendment sued, asserting that it could not be passed without their consent, and the Association countersued, seeking both a declaratory judgment that the Amendment is valid and specific performance of its terms.

Through a series of orders, the court has fully resolved the Association's counterclaim.  In an initial summary judgment order, the court rejected Plaintiffs'

argument that passage of the Amendment required the unanimous consent of the owners.  Following supplemental briefing, in a second order, the court issued a declaratory judgment that the Amendment was valid.  And in its third and most recent order, the court dismissed as unripe the Association's requested relief of specific performance.

Because the parties agree that the Amendment's validity is the linchpin of this case—and because the court has fully disposed of the Association's counterclaim, including by issuing a declaratory judgment that the Amendment is valid—the court now finds, under Federal Rule of Civil Procedure 54(b), that there is no just reason for delay of any appeal of the court's rulings on the Association's counterclaim.  Either party may appeal the court's rulings on the Association's counterclaim at this time.

## BACKGROUND

The background of this case is summarized in the court's summary judgment orders, Dkt. Nos. 85 & 99, and the court recounts that background only as necessary to dispose of the issue presented here.  In short, Plaintiffs filed this action against the Association and its individual Board Directors in December 2023.  Dkt. No. 1.  Plaintiffs contend that the Amendment was improperly recorded because the unanimous consent of the owners was required.  Dkt. No. 54.  Arising from that basic argument, Plaintiffs advance state law claims (via diversity jurisdiction) for injunctive relief, breach of contract, breach of statutory and fiduciary duties, and retaliation.  *Id.*  The Association

2

responded by filing a counterclaim, in which it sought a declaratory judgment that the Amendment is valid (in count one) and an order requiring specific performance (in count two).  Dkt. No. 55-1.

Because the parties agreed that much (if not all) of the suit's outcome rested on the validity of the Amendment, they filed cross-motions for summary judgment on the Association's counterclaim.  Dkt. Nos. 59 & 73.  The court disposed of those motions in three parts.  In an initial partial summary judgment order, the court rejected Plaintiffs' argument that passage of the Amendment required the unanimous consent of the owners.  Dkt. No. 85.  Following supplemental briefing, in a second order, the court granted summary judgment in the Association's favor as to its request for a declaratory judgment that the Amendment was valid.  Dkt. No. 99.  And in its third and most recent order, the court dismissed as unripe the Association's requested relief of specific performance.  Dkt. No. 103.

After the court had granted partial summary judgment, but before it dismissed the specific performance count, Plaintiffs moved for entry of final judgment.  Dkt. No. 88.  The Association did not oppose their request.  Dkt. No. 94.  Instead, the parties agreed that the applicable consent standard is the "linchpin" of the case, and for efficiency's sake, Plaintiffs sought to appeal that initial ruling through the mechanism of Federal Rule of Civil Procedure 54(b).  Dkt. Nos. 88 & 94.  But because at that time, the court had not yet disposed of the Association's second count seeking specific

3

performance, the court denied Plaintiffs' Rule 54(b) motion without prejudice to renewal after the court had disposed of at least one claim in full. Dkt. No. 99.

The court has now fully disposed of the Association's counterclaim. And in its supplemental brief addressing specific performance, Plaintiffs requested that to avoid further motions practice, the court sua sponte consider entering final judgment following its order on that issue. Dkt. No. 101, at PageID.807-08 n.2. Accordingly, after dismissing the specific performance count, on September 2, 2025, the court issued an Entering Order informing the parties that if the court received no objections by September 5, 2025, it would consider entering final judgment without further briefing. Dkt. No. 104. The court received no objections by that date, and it therefore turns now to a reconsideration of whether to enter final judgment under Rule 54(b).

## DISCUSSION

Generally, orders disposing of but one of several claims—whether claims, counterclaims, crossclaims, or third-party claims, Fed. R. Civ. P. 54(b)—are not appealable final orders under 28 U.S.C. § 1291. *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 627 (9th Cir. 2015). Rule 54(b), however, provides a mechanism by which an otherwise unappealable order might be reviewed on appeal. *Id.* Rule 54(b) authorizes district courts, sua sponte or on a party's motion, to direct entry of a final judgment as to one or more, but fewer than all, claims. Fed. R. Civ. P. 54(b); *Zurich Am. Ins. Co. of Ill. v. VForce*

*Inc.*, No. 18-cv-02066, 2025 WL 1455507, at *5 (E.D. Cal. May 21, 2025) (citing 10 *Wright & Miller's Federal Practice and Procedure* § 2660 (1973)).

Rule 54(b) encompasses two requirements. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7-8 (1980). First, the court must be "dealing with a 'final judgment.'" *Id.* at 7. That is, the ruling must be a "decision upon a cognizable claim for relief," and it must be "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (cleaned up). Second, the court must expressly determine that there is no "just reason for delay." *Id.* at 8. This latter step requires an assessment of the equities and judicial administrative interests. *Id.* Considerations include whether the adjudicated and remaining claims are separable, whether an appellate resolution of the adjudicated claim would be mooted by further proceedings, and the potential for subsequent duplicative proceedings before the appellate court. *See id.* at 5-8; *see also* 15A *Wright & Miller's Federal Practice & Procedure* § 3914.7.3 (3rd ed. 2025 Update).

In this case, the court is now dealing with a "final judgment," as the Association's counterclaim has been disposed of in full. The court has granted summary judgment in favor of the Association on count one, and it has dismissed count two. Unlike at the time of the court's earlier denial of Plaintiffs' Rule 54(b) motion, at this time, there is nothing left of the Association's counterclaim for the court to rule on.

The court also finds that there is no remaining just reason for delay. The parties agree that the applicable consent standard and corresponding validity of the

5

Amendment is the "linchpin" of the parties' claims and that appellate review of the Association's counterclaim before proceeding to Plaintiffs' claims would promote judicial economy.  Dkt. No. 88, at PageID.647 (Pls.' Mot. for Entry of Final J.); Dkt. No. 94, at PageID.731 (Defs.' Mem. in Resp.); *see also* Dkt. 94-1, at PageID.739 (Andrew L. Salenger Decl. ¶ 9).  And the relevant considerations support the parties' shared position.

As an initial matter, the claims are separable:  Plaintiffs' remaining claims—for injunctive relief, breach of contract, breach of statutory and fiduciary duties, and retaliation—are all neatly divisible from the Association's counterclaim.  Meanwhile, appellate adjudication would not be mooted by further proceedings in this court; no matter how Plaintiffs' claims are resolved in this court, an appellate ruling on the validity of the Amendment will be necessary.  Finally, now that the court has ruled on the entirety of the Association's counterclaim, there is no longer any concern about the possibility of duplicative successive appeals.  For one thing, Plaintiffs' claims are sufficiently distinct from the Association's counterclaim such that any appeal of one would not be unnecessarily duplicative of an appeal of the other.  For another, Plaintiffs represent that an immediate appellate ruling would "likely facilitat[e] settlement and an end to this dispute."  Dkt. No. 88, at PageID.650.  *Accord Alcan Aluminum Corp. v. Carlsberg Fin. Corp.*, 689 F.2d 815, 817 (9th Cir. 1982) (approving of Rule 54(b) order

6

where immediate appeal "may facilitate settlement of the remaining claims . . . and it may well aid the expeditious decision of those claims if they are not settled").

## CONCLUSION

For these reasons, the court determines that there is no just reason for delay under Federal Rule of Civil Procedure 54(b).  The Clerk is DIRECTED to enter final judgment for the Association on count one of the Association's counterclaim, in which it sought a declaratory judgment.  The Clerk is further DIRECTED to enter final judgment dismissing without prejudice count two of the Association's counterclaim, in which the Association sought specific performance.

IT IS SO ORDERED.

DATED:  September 10, 2025, at Honolulu, Hawai'i.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 23-00582 MWJS-RT; *Bowa Estates Limited,* et al. *v. Association of Apartment Owners of Wailea Point Village,* et al.; ORDER DIRECTING ENTRY OF FINAL JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE RULE 54(B)